# EXHIBIT "1"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DENISE SHACKLEFORD,

                    Plaintiff,

        vs.

VIVINT SOLAR,

                   Defendant.

NO. 1-:19-cv-00954-ELH

## PLAINTIFF'S MOTION TO COMPEL
## ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

Plaintiff, through counsel of record, moves for an order compelling responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents, propounded to Defendant Vivint Solar.  In support, Plaintiff incorporates by reference the Memorandum of Law and exhibits filed along with this Motion.

Dated: <u>October 1, 2019</u>

<u>/s/Andrew M. Milz</u>
Andrew M. Milz
FLITTER MILZ, P.C.
450 N. Narberth Avenue, Ste. 101
Narberth, PA 19072
Telephone: (610) 822-0782

*Counsel for Plaintiff (admitted pro hac vice)*

Jane Santoni (Bar No. 05303)
SANTONI, VOCCI & ORTEGA, LLC
401 Washington Avenue, Ste. 200
Towson, MD 21204
Telephone: (443) 921-8161
Facsimile: (410) 525-5704

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on October 1, 2019, I caused a true and correct copy of the forgoing

Motion to Compel Answers to Interrogatories and Requests for Production of Documents to be

served to the following via United States Mail and electronic mail:

John D. Sadler (Bar No. 16421)
Jesica Hepburn Sadler (Bar No. 17722)
Matthew D. Lamb (Bar No. 20203)
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, D.C. 20006

*/s/Andrew M. Milz*
Andrew M. Milz
Flitter Milz, P.C.
450 N. Narberth Avenue, Ste. 101
Narberth, PA 19072
Telephone: (610) 822-0782

*Counsel for Plaintiff (admitted pro hac vice)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DENISE SHACKLEFORD,

Plaintiff,

vs.

NO. 1-:19-cv-00954-ELH

VIVINT SOLAR,

Defendant.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

### I.   INTRODUCTION

This motion seeks an order compelling Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents, propounded on Defendant Vivint Solar ("Vivint").

Plaintiff Denise Shackleford brings claims under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Ms. Shackleford alleges that the Defendant Vivint—a company that sells solar power plans via door-to-door sales—obtained her consumer credit report without a permissible purpose, as prohibited by the FCRA, 15 U.S.C. §§ 1681b, 1681q. Ms. Shackleford seeks damages for the negligent and willful violation of the Act. 15 U.S.C. §§ 1681n, 1681o. To establish a claim for willfulness under the FCRA, the courts have required pattern and practice evidence, i.e. "evidence that other individuals had lodged complaints similar to the plaintiff's." *Smith v. LexisNexis Screening Sols., Inc.*, 837 F.3d 604, 611 (6th Cir. 2016). Plaintiff served Interrogatories and Document Requests seeking such evidence, along with other highly pertinent documents such as FCRA policies and procedures. Defendant Vivint has objected and refused to provide responsive documents despite attempts to resolve the dispute in good faith. Accordingly, Plaintiff is constrained to file this motion to compel discovery.

### II.   BACKGROUND

On March 29, 2019, Denise Shackleford filed a Complaint in this Court alleging that Vivint obtained her consumer credit report without a permissible purpose and upon false pretenses. (ECF

1, ¶ 35). In her Complaint, Ms. Shackleford avers that on September 5, 2018, a Vivint salesman named Brett Sears solicited Ms. Shackleford in a door-to-door sale at her home. (*Id.* ¶¶ 7, 10). The salesman stated he had been sent to Plaintiff from her energy provider, Baltimore Gas & Electric ("BG&E"). (*Id.* ¶ 9).

The salesman then began a sales pitch about a "100% free" solar energy product, provided at "no charge to you" because "Maryland receives federal money for people installing solar panels." (*Id.* ¶ 12). The salesman told Ms. Shackleford that he wanted to "do a survey" to see if he could tell her how much she can save on her electricity. (*Id.* ¶ 13). Ms. Shackleford explained that she was not interested, but the salesman continued adding pressure and asked Ms. Shackleford to sign a digital box on an electronic tablet to see if she was "financially stable enough." (*Id.* ¶¶ 19–20). Ms. Shackleford recoiled, and said she would refuse to sign anything allowing access to her credit report. (*Id.* ¶ 21). The salesman promised that "we won't be pulling your credit" and that Ms. Shackleford needs to sign in order to "verify that I was here"—in other words, to verify that the representative was at her home. (*Id.* ¶ 22). The salesman then presented Ms. Shackleford with an iPad merely showing a signature box, which Ms. Shackleford signed in reliance upon the salesman fraudulent misrepresentation. (*Id.* ¶¶ 23–25).

A few days later, to her shock, worry, and anger, Ms. Shackleford received a notification that Vivint made a hard inquiry on her consumer credit reports. (*Id.* ¶ 26). Soon after discovering the illegal credit pull, Ms. Shackleford filed a complaint with the Better Business Bureau. (*Id.* ¶ 27).

Ms. Shackleford further alleges that consumers across Maryland and across the country have had similar experiences with Vivint, and that Vivint, as a pattern and practice, regularly obtains consumer reports on consumers without a permissible purpose and/or under false pretenses. (*Id.* ¶¶ 37–43). Vivint has received direct complaints from consumers, through the BBB, police departments, and state attorneys general. (*Id.* ¶¶ 41–42). Despite this notice, Vivint and its salespersons has continued to prey on consumers, obtaining credit reports without a permissible purpose. (*Id.* ¶ 44).

On July 11, 2019, Plaintiff served her first set of Interrogatories and Requests for Production of Documents on Defendant Vivint.  On August 27, 2019, Vivint provided its written responses and objections.  On September 13, 2019, Plaintiff served a meet-and-confer letter on Vivint identifying deficiencies in Defendant's responses.  On September 24, 2019, the parties met and conferred over the telephone regarding these deficient areas of discovery, but were unable to resolve all issues.  On September 30, 2019, the parties further conferenced via email, but the disagreement remained.  Accordingly, Plaintiff was constrained to file this motion.

### III.   ARGUMENT

#### A. Evidence of other similar complaints is probative and necessary

In her requests for production and interrogatories, Ms. Shackleford sought identification and production of complaints received by Vivint where there were allegations that Vivint obtained a consumer report without a permissible purpose.  The specific discovery requests and Vivint's responses are set forth below:

> **Request for Production No. 20**: "Any complaints (formal or informal, civil, regulatory or administrative) served upon you that involved cases where there were allegations that you obtained a consumer report without a 'permissible purpose' as required under § 1681b of the FCRA."
>
> **Vivint's Response**: Vivint objects that the requested documents are not relevant to any party's claim or defense, and are not proportional to the needs of the case, because they do not relate to whether Vivint reasonably believed that it had a permissible purpose to obtain plaintiff's credit report. Vivint further objects that this request is being served for the improper purposes of recruiting potential clients and obtaining information to use in other lawsuits. Vivint will not produce documents in response to this request.
>
> **Interrogatory No. 13**: "Identify all complaints received by you relating to you obtaining a consumer report or accessing a person's consumer file without having a permissible purpose as described under § 1681b of the FCRA [sic], and in so doing, include the name of the complainant, the date of the complaint or dispute, whether said complaint or dispute was in writing, the nature of the complaint or dispute and the disposition of the complaint or dispute. In addition, identify and describe the location and content of any

documents related to said complaints or dispute."

**Vivint's Response**: Vivint objects that the requested information is not relevant to any party's claim or defense and is not proportional to the needs of the case because it does not relate to whether Vivint reasonably believed that it was entitled to request plaintiff's report. Vivint further objects that this request is unlimited as to time. Vivint further objects that the requested information is confidential and proprietary. Vivint further objects to the extent this interrogatory requests information subject to attorney-client privilege or work product protection. Vivint further objects that the phrase "§ 1681b of the FCRA" is vague. Vivint further objects that this interrogatory is being served for the improper purposes of recruiting potential clients and obtaining information to use in other lawsuits.

**Plaintiff's Basis for Insufficiency of Responses**:

Defendant's objections based on relevance and proportionality are misplaced. "[E]vidence of other consumer complaints based on the same conduct is relevant" to willfulness. *Tedrow v. Boeing Employees Credit Union*, 315 F.R.D. 358, 361 (W.D. Wash. 2016). Plaintiff alleges that Defendant willfully and recklessly violated the FCRA. (ECF 1 ¶¶ 45–46). In her Complaint, Plaintiff alleges that Vivint has received numerous complaints—directly from consumers, or via the BBB or lawsuits—yet still continued to allow its salespeople to obtain consumers' credit reports upon false pretense and without a permissible purpose. (*Id.* ¶¶ 37–44).

Vivint's misconduct could be deemed willful if it reflects a "reckless disregard of its statutory obligations by repeatedly ignoring warning signs that it is violating the law and by failing to take corrective action to prevent future violations." *Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246, 253 (4th Cir. 2017) (citing *Am. Arms Int'l v. Herbert*, 563 F.3d 78, 85 (4th Cir. 2009)). Accordingly, in order to prove her case, Plaintiff must put forth evidence of Vivint's knowledge of the problem, and its pattern and practice of ignoring or encouraging it.

In the specific context of the FCRA, to establish a claim for willfulness, the courts have required "evidence that other individuals had lodged complaints similar to the plaintiff's." *Smith v. LexisNexis Screening Sols., Inc.*, 837 F.3d 604, 611 (6th Cir. 2016) (emphasis added; reversing $300,000 jury verdict for lack of such evidence). *See also Holmes v. Telecheck Int'l, Inc.*, 556 F.

Supp. 2d 819, 846–47 (M.D. Tenn. 2008) (evidence of over 782 BBB consumer complaints sufficient to show a pattern and practice of willfully violating the FCRA; denying summary judgment); *Boris v. Choicepoint Servs., Inc.*, 249 F. Supp. 2d 851 (W.D. Ky. 2003), *as amended*, 2003 WL 23009851 (W.D. Ky. Aug. 21, 2003) (denying post-trial challenge to the admission of a 684-page exhibit of consumer complaints and questions submitted to credit reporting agency because the complaints were relevant to show how agency processed consumer complaints and its knowledge of consumer complaints generally).

Courts routinely compel "other complaints" evidence in FCRA cases. *See, e.g., Wenning v. On-Site Manager, Inc.*, No. 14-9693, 2015 WL 5148753 (S.D.N.Y. Aug. 26, 2015) ("complaints of a similar nature are relevant"; compelling production); *Edeh v. Equifax*, No. 11-2671, 2013 WL 1799006 (D. Minn. Apr. 29, 2013) (court compelled broad "other complaints" evidence over the credit bureau's burden objection).

The case for overruling Defendant's objections and compelling production could not be stronger here.  There is evidence demonstrating that other individuals have filed lawsuits against Vivint similar to Ms. Shackleford's, including:

> ➤ *Douglas Littlejohn v. Vivint Solar, Inc.*, Civil Action No. 16-cv-09446 (D.N.J.) (impermissibly pulling credit report without authorization or consent);

> ➤ *Christine Droney & Timothy Droney v. Vivint Solar*, Civil Action No. 18-cv-849 (D.N.J.) (same);

> ➤ *Vasu Pulipati v. Vivint Solar, Inc.*, Case No. RG18891702, (Ca. Super. Ct., Alameda Cty.) (same); and,

> ➤ *Rasmussen v. Vivint Solar, Inc.*, Case No. 18-004129-CI (Sixth Judicial District of Florida, Pinellas County) (same).

Plaintiff reasonably suspects this is just the tip of the iceberg.  Vivint had notice of similar complaints (including complaints not culminating in lawsuits) both before and after its salesman surreptitiously pulled Ms. Shackleford's sensitive credit information without consent or a permissible purpose.

Finally, Vivint's attorney-client privilege and work product objection does not appear to be genuine. Vivint's privilege log identifies four purportedly protected communications, but none of these communications appear to relate to complaints made by others. See privilege log, attached as Exhibit B).

### B. Other "Prospective Customer Consent Forms" from Plaintiff's neighborhood during the month of September 2018 are probative and necessary

The Prospective Customer Consent Form ("PCCF") is the electronic document by which Vivint obtains a signature, allegedly to obtain a credit report. Plaintiff seeks the PCCFs obtained in Plaintiff's zip code for only the month in which Vivint ran Plaintiff's credit—September 2018. Plaintiff's request and Vivint's response are set forth below:

> **Request for Production of Documents No. 21**. Any and all "Prospective Customer Consent Forms" obtained by Vivint representatives, employees or agents in Ms. Shackleford's zip code in September 2018.

> **Vivint's Response**: Vivint objects that the requested documents are not relevant to any party's claim or defense, and are not proportional to the needs of the case, because they do not relate to whether Vivint reasonably believed that it had a permissible purpose to obtain plaintiff's credit report. Vivint further objects that this request is being served for the improper purposes of recruiting potential clients and obtaining information to use in other lawsuits. Vivint will not produce documents in response to this request.

### Plaintiff's Basis for Insufficiency of Response:

Judge Herbert in Alameda County, California has compelled these very same documents in a very similar "impermissible pull" case against Vivint. (Ex. A, March 6, 2019 Order in *Pulipati v. Vivint Solar, Inc.*, No. RG18891702 (Alameda Cty., CA)). Further, Plaintiff denies providing her birthdate to the salesman, yet the "consent" form reflects an <u>inaccurate</u> birthdate that is close to her actual birthdate. This suggests that Vivint has a practice of improperly creating consent forms based on (often faulty) public records data and procuring consumers to sign them under false pretenses. If other consumers in the same zip code have also had this happen to them, that would

suggest a larger pattern and practice of forging consent forms to obtain consumer credit reports, which speaks directly to punitive damages.

Plaintiff incorporates the FCRA legal authorities set forth in Section III.A.  As with the "other complaints" evidence, a defendant's pattern of similar wrongdoing is unquestionably relevant to the willfulness inquiry in an individual impermissible credit pull case under the FCRA. *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 408-09 (E.D. Pa. 1996).

In *Hall*, the plaintiff (like Ms. Shackleford) alleged the defendant improperly accessed his consumer report without a permissible purpose during an insurance claim investigation, in violation of 15 U.S.C. §1681b. *Id.* at 407.  The defendant sought to block discovery of inter alia whether it "sought or obtained consumer credit reports on [other] claimants from 1991 to [1996] ... [and] asks for details about those requests," lodging burden and irrelevance objections. *Id.* at 408.  The plaintiff moved to compel, which the court granted.  The court overruled the defendant's objections stating that a "page by page" file search in response to plaintiff's requests was not an undue burden. *Id.*  Moreover, the Court held that evidence of a pattern of wrongdoing on the insurance company's part was relevant and discoverable in relation to the Plaintiff's claim of a willful violation of the FCRA. *Id.* at 408–09; *see also Menafee v. Choicepoint*, No. 08-981, 2009 WL 174134, *4 (E.D. Pa. Jan. 26, 2009) ("evidence showing whether the conduct involved repeated actions or was an isolated incident is relevant to Menefee's punitive damages claim" under 1681n of FCRA).

This request goes directly to whether Ms. Shackleford's neighbors had their consumer reports pulled without their knowledge by Vivint.  This is identical to the discovery sought, compelled, and allowed in *Hall*, 164 F.R.D. at 408–09.  Ms. Shackleford should be allowed to discover whether similar forms were completed and utilized as a basis for obtaining reports in his neighborhood, and to reach out to his affected neighbors, who may be witnesses.

### C. Training videos should be compelled

Plaintiff also seeks videos used to train salespersons on the requirements of the Fair Credit Reporting Act and on sales ethics.  Plaintiff's requests for production, and Defendant's responses,

are below:

> **Request for Production No. 11**: All videos used to train salespersons on the requirements of the Fair Credit Reporting Act.
>
> **Vivint's Response**: Vivint objects that the requested documents are not relevant to any party's claim or defense, and are not proportional to the needs of the case, because they do not relate to whether Vivint reasonably believed that it had a permissible purpose to obtain plaintiff's credit report. Vivint will not produce documents in response to this request.
>
> **Request for Production No. 12**: All videos used to train salespersons on sales ethics.
>
> **Vivint's response**: Vivint objects that the requested documents are not relevant to any party's claim or defense, and are not proportional to the needs of the case, because they do not relate to whether Vivint reasonably believed that it had a permissible purpose to obtain plaintiff's credit report.

**Plaintiff's Basis for Insufficiency of Response:**

These videos are highly pertinent to Vivint's willfulness, for which Plaintiff bears the burden of proof. *See* 15 U.S.C. § 1681n(a). Vivint's misconduct could be deemed willful if it reflects a "reckless disregard of its statutory obligations by repeatedly ignoring warning signs that it is violating the law and by failing to take corrective action to prevent future violations." *Daugherty*, 701 F. App'x at 253 (*citing Am. Arms Int'l*, 563 F.3d at 85). Vivint's inadequate training of its employees on the requirements of the FCRA and proper sales ethics certainly speaks to its reckless disregard of the law.

### D. Identification of Defendant's employees who worked or solicited customers in the same area as Plaintiff

Plaintiff also seeks the identities and headshots of the other salespersons who solicited work in the area, including the regional director and district manager. Plaintiff's request for production, and Defendant's response, is below:

> **Interrogatory No. 14**: With respect to the salesperson alleged to have solicited Plaintiff (Complaint ¶ 7), identify the District

Manager to whom that salesperson reports, as well as all other salespersons who work (or worked) in the same district as that salesperson.

**Vivint's Response**: The District Managers to whom Mr. Sears currently reports are Jacob Cook and Alejandro Agudelo. Vivint objects that plaintiff's request for the identity of all salespersons who have ever worked in the same district as Mr. Sears is not relevant to any party's claim or defense, and is not proportional to the needs of the case, because it does not relate to whether Vivint reasonably believed that it was entitled to request plaintiff's credit report.

**Request for Production No. 14**: Pictures of the regional director, district manager, and/or salespersons (including sales managers) who attempted to solicit customers in the district where Plaintiff resides.

**Vivint's Response**: Vivint objects that the requested documents are not relevant to any party's claim or defense, and are not proportional to the needs of the case, because they do not relate to whether Vivint reasonably believed that it had a permissible purpose to obtain plaintiff's credit report. The identity of the individual who visited plaintiff's residence is not in issue. With respect to the other referenced individuals, there is no logical relationship between the requested photographs and the pending case. Vivint further objects that this request unreasonably invades the privacy of the referenced individuals. Vivint will not produce documents in response to this request.

**Plaintiff's Basis for Insufficiency of Responses**:

The other Vivint employees whose identities are sought are potential witnesses who would be able to corroborate or contradict the testimony of salesman Brett Sears or Vivint, whose credibility is at issue. For example, the other employees may disagree with Sears or Vivint regarding the extent of training provided to them and Mr. Sears. These are witnesses who likely have relevant information. Further, the headshots of these individuals are relevant because they help put a face to a name, providing counsel and the jury helpful demonstrative aids. And as door-to-door salespersons who frequently offer their likeness to the public in an attempt to secure a sale,

these individuals lack a sufficient privacy interest that could forever preclude the disclosure of

their faces.  Vivint does not have a genuine proportionality, relevance, or privacy objection.

### E. Policies, procedures, manuals, and other similar documents bearing on the requirements of the FCRA, 15 U.S.C. § 1681b.

Plaintiff also seeks the policies, procedures, manuals, and other similar documents bearing

on the requirements of the FCRA, 15 U.SC. § 1681b.  Plaintiff's requests for production, and

Defendant's responses, are below:

> **Request for Production No. 18**: Any and all policy and procedure manual [sic] or other documents which address your policies, practices or procedures bearing on your obtaining consumer reports only for a "permissible purpose" as listed in § 1681b of the FCRA.
>
> **Vivint's Response**: Vivint objects that the requested documents are not relevant to any party's claim or defense, and are not proportional to the needs of the case, because they do not relate to whether Vivint reasonably believed that it had a permissible purpose to obtain plaintiff's credit report. Vivint further objects that the requested documents are confidential. Vivint further objects to the extent this request seeks information protected by attorney-client privilege or the work product doctrine. Vivint will not produce documents in response to this request.
>
> **Request for Production No. 19**: Any manuals, memoranda, bulletins or other documents instructing your employees, agents or representatives as to the requirements of § 1681b of the FCRA.
>
> **Vivint's Response**: Vivint objects that the requested documents are not relevant to any party's claim or defense, and are not proportional to the needs of the case, because they do not relate to whether Vivint reasonably believed that it had a permissible purpose to obtain plaintiff's credit report. Vivint further objects that the requested documents are confidential. Vivint further objects that this request is duplicative of Request 18. Vivint further objects to the extent this request seeks documents protected by attorney-client privilege or the work product doctrine. Vivint will not produce documents in response to this request.
>
> **Interrogatory No. 12**: Identify any and all of your policies and procedures designed to insure that your employees do not obtain or receive information for which a "permissible purpose" as listed in § 1681b of the FCRA is required without a permissible purpose,

including but not limited to both policies and procedures which were in effect from 2012 to the present.

**Vivint's Response**: Vivint objects that the requested information is not relevant to any party's claim or defense, and is not proportional to the needs of the case, because it does not relate to whether Vivint reasonably believed that it was entitled to request plaintiff's report. Vivint further objects that the requested information is not proportional to the needs of the case because it requests policies and procedures covering a roughly 7-year period. Vivint further objects to the extent this interrogatory requests information subject to attorney-client privilege or work product protection. Vivint further objects that the requested information is confidential and proprietary. Vivint further objects that the phrase "§ 1681b of the FCRA" is vague. Vivint further objects that this interrogatory is being served for the improper purpose of obtaining information to use in other lawsuits.

### Plaintiff's Basis for Insufficiency of Responses:

Such documents reflecting the company's sanctioned corporate practices would shed light on how Vivint instructs its salespersons to handle a door-to-door sale, Vivint's prerequisites to accessing a consumer report, and Vivint's procedures in place to ensure legally permissible credit inquiries.   Such documents could demonstrate Vivint's knowledge of the relevant FCRA requirements, or its disregard of the same.

Perhaps recognizing the patent relevance of its own policies and procedures, Vivint has agreed to a limited production of "portions of Vivint's Residential Customer Operations Manual related to credit reporting that were in effect when [the salesman] visited plaintiff's residence." This concession is insufficient, as this case involves a company who has known about the problem of its sales agents using its systems to impermissibly pull credit reports <u>since at least 2015</u>.  Vivint has had threadbare policies and procedures in place since approximately October 2013.  Plaintiff intends to argue Vivint never sufficiently changed those policies and procedures to address its sales agents' misconduct.  The evolution (or lack thereof) of Vivint's policies and procedures goes to

Vivint's willfulness—*i.e.* its willful blindness to the problem.  Curtailing the requests to merely those policies from September 2018 is nonresponsive.

Finally, Vivint's attorney-client privilege and work product objection does not appear to be genuine.  Vivint's privilege log identifies four purportedly protected communications, but none of these communications appear to relate to Vivint's policies and procedures.

## IV.   CONCLUSION

Vivint has been fighting tooth and nail to conceal the wrongdoing alleged against it, as well as any evidence that might show its knowledge of its obligations under the Fair Credit Reporting Act.  But their efforts have not stopped dozens of consumers from voluntarily complaining about Vivint's invasions of privacy and fraud.  Vivint understandably seeks to forever suppress the disclosure of these complaints and investigations, but it should not be granted this relief under the pretext of consumer privacy when its own corporate-wide practices—resulting in numerous consumer privacy invasions—created this situation in the first place.  Plaintiff's Motion to Compel should be granted.

Dated: October 1, 2019

 /s/Andrew M. Milz
Andrew M. Milz *(admitted pro hac vice)*
FLITTER MILZ, P.C.
450 N. Narberth Avenue, Ste. 101
Narberth, PA 19072
Telephone: (610) 822-0782

Jane Santoni (Bar No. 05303)
SANTONI, VOCCI & ORTEGA, LLC
401 Washington Avenue, Ste. 200
Towson, MD 21204
Telephone: (443) 921-8161
Facsimile: (410) 525-5704

*Counsel for Plaintiff*

# Exhibit A

 **SCANNED**

Kemnitzer, Barron & Krieg, LLP
Attn: Kemnitzer, Bryan
354 Pine Street
5th Floor
San Francisco, CA   94104

Snell & Wilmer LLP
Attn: Gehret, Michael A.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT   84101

 **FILE COPY**  Served: **3/7/19**

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Pulipati | No. RG18891702 |
| Plaintiff/Petitioner(s) | Order |
| VS. | Motion to Compel Answers to Interrogatories Granted |
| Vivint Solar, Inc. | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Motion to Compel Answers to Interrogatories and the Motion to Compel Production of Documents filed for Vasudev Pulipati was set for hearing on 02/21/2019 at 03:00 PM in Department 20 before the Honorable Paul D. Herbert. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

Plaintiff's Motion to Compel Responses to Specially Prepared Interrogatories and Requests for Production of Documents Propounded to Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC are GRANTED in part and DENIED in part, as follows:

In regards to Plaintiff's First Set of Special Interrogatories, number 17, Plaintiff's motion is GRANTED. Plaintiff's request is reasonably tailored to lead to potentially admissible evidence, particularly in regards to "pattern and practice" evidence which may assist in establishing Plaintiff's allegations involving punitive damages. Plaintiff's request is not overly broad or vague and ambiguous, and Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC (collectively, "Defendants") have not established to the Court's satisfaction that complying with the request would be overly burdensome in light of the potentially admissible evidence which could be produced. In accordance with the narrowed scope of the requests set forth in Plaintiff's Reply Brief, Defendants are ordered to produce the Complaint Spreadsheets, with only the "NOTES/COMMENTS" column redacted for the years 2015 through 2019, inclusive. Defendants shall serve verified responses to Plaintiff's First Set of Special Interrogatories, number 17, no later than March 25, 2019.

In regards to Plaintiff's Request for Production No. 31 Plaintiff's motion is GRANTED. Plaintiff's request is reasonably tailored to lead to potentially admissible evidence, particularly in regards to "pattern and practice" evidence which may assist in establishing Plaintiff's allegations involving punitive damages. Plaintiff's request is not overly broad or vague and ambiguous, and Defendants have not established to the Court's satisfaction that complying with the request would be overly burdensome in light of the potentially admissible evidence which could be produced. In accordance with the narrowed scope of the requests set forth in Plaintiff's Reply Brief, Defendants are ordered to produce all Prospective Customer Consent Forms for the period on February 2016 for the ZIP CODE 94552.

In regards to Plaintiff's Request for Production No. 32, 33, 34 and 35, Plaintiff's motion is GRANTED. Each of these request is reasonably tailored to lead to potentially admissible evidence, particularly in regards to "pattern and practice" evidence which may assist in establishing Plaintiff's allegations

involving punitive damages. Plaintiff's request is not overly broad or vague and ambiguous, and Defendants have not established to the Court's satisfaction that complying with the request would be overly burdensome in light of the potentially admissible evidence which could be produced. In accordance with the narrowed scope of the requests set forth in Plaintiff's Reply Brief, Defendants are ordered to produce the Spreadsheets prepared by Defendants listing said complaints with the "NOTES/COMMENTS" column redacted. (See, e.g., Tedrow v. Boeing Employees Credit Union (W.D. Wash. 2016) 315 F.R.D. 358, 361; Holmes v. Telecheck Int'l, Inc. (M.D. Tenn. 2008) 556 F.Supp.2d 819, 846-847.)

Defendants shall serve verified responses to Plaintiff's Requests for Production of Documents, numbers 31 through 35, inclusive not later than April 2, 2019. Defendants shall produce all documents responsive to these requests no later than April 9, 2019.

Notwithstanding the above, in serving their responses, Defendants may withhold any documents or information subject to the attorney/client privilege or attorney work product doctrine. However, any documents or information so withheld must be listed in a privilege log to be produced with the verified responses provided to Plaintiff. In addition, the parties are reminded that a Protective Order Re: Confidential Information remains in effect in this action.


Dated:  03/06/2019

_Paul D. Herbert_
Judge Paul D. Herbert

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG18891702
Order After Hearing Re: of 03/06/2019

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 03/07/2019.

Chad Finke  Executive Officer / Clerk of the Superior Court

By

_____
                                   Deputy Clerk

# Exhibit B

| Priv_No | Prod Beg Bates | Sort Date | Unified Subject | Unified Author | Recipient | CCs | BCCs | Markup Set - Primary | Privilege Type | Privilege Description | Redaction Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV_0001 | | 4/5/2019 15:45 | Bret Sears (96239) S-5978628 10.1.18.pdf | Maureen Brown | | | | | AC | Vivint e-mails with in-house counsel re: investigation of plaintiff's complaints | |
| PRIV_0002 | | 4/8/2019 14:59 | HR Investigation Request RE_ Bret Sears (96328) Litigation Case Denise Shackleford v.pdf | | | | | | AC | Vivint correspondence with in-house counsel re: plaintiff's complaints | |
| | DEF-0000075 | 4/4/2019 18:24 | Case_ 03035599 ~ Salesforce - Unlimited Edition.pdf | jem.anderson | | | | Has Redactions | | | AC |
| | DEF-0000123 | 8/9/2019 17:03 | Case Comment.csv | | | | | Has Redactions | | | AC |