UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
(410) 962-2577 FAX
MDD_DLBChambers@mdd.uscourts.gov

December 23, 2020

RE: *Shackleford v. Vivint Solar Developer LLC*
ELH-19-954

### LETTER ORDER

Dear Counsel,

This letter order concerns the parties' dispute regarding plaintiff's request for additional discovery and an extension of the discovery deadline. The parties briefed the issues informally. ECF 53–55. I held a conference call yesterday regarding the disputed issues. This letter memorializes my rulings on the call that plaintiff may not propound another document request and that the discovery deadline is extended to January 15, 2021 for the limited purpose of raising challenges relating to defendants' December 18, 2020 document production. I also ordered that Vivint make available for inspection until June 1, 2021 the iPad with the software used by a Vivint employee during his September 5, 2018 encounter with the plaintiff.

I will first address plaintiff's request for leave to propound a document request that seeks Vivint's "source code" for the software application the Vivint employee used on September 5, 2018 when he interacted with plaintiff. Specifically, the proposed request is for "[a]ny source code change log, source code control system, or any comparable log or system that was used to track or log changes made over time to the source code of Defendant's NEO software application." Pl.'s Ltr. 2–3. Plaintiff claimed she

> has discovered—after consultation with a technological expert—that the only reliable discovery that would reveal the functionalities of Defendant's application/software back during Vivint's September 2018 solicitation of Plaintiff would be the 'source code change log' or 'source code control system,' which is essentially a log or system maintained by software developers to track changes made to the software over time.

*Id.* at 2. Plaintiff claims this information is necessary to determine when, whether, and how the software that is currently made available for inspection by Vivint on an iPad has changed since September 2018. Plaintiff claims she saw only a signature box when she signed the iPad at the Vivint employee's request. Defendant claims that when she signed the iPad, there was a disclosure that Vivint would pull her credit report.

Defendant contends that plaintiff's request for leave to propound this document request on the eve of the close of discovery should be denied because she did not make the request earlier but could have and because it has made available for inspection an iPad with the software at issue, as plaintiff requested. Defendant also claims that it "has preliminarily consulted with its IT staff, who have confirmed that it is not technologically or logistically feasible to provide the metadata." Def.'s Ltr. 3. During the call, defendant asserted that it would be very burdensome to identify and extract any relevant source code and that the code would include proprietary business information.

Local Rule 104.1 provides that, "[u]nless otherwise ordered by the Court, or agreed upon by the parties, no party shall serve upon any other party, at one (1) time or cumulatively, more than thirty (30) requests for production . . .including all parts and sub-parts." Loc. R. 104.1. When a party asks to exceed the limit near the close of discovery, the Court considers whether good cause exists for additional requests. *See Medibill of Md., Inc. v. Anesthesia Bus. Consultants, LLC*, No. AMD-04-4015, 2005 WL 8174469, at *3 (D. Md. Dec. 23, 2005) (denying additional document requests where it was difficult for the Court to conclude good cause exists for permitting additional discovery); *see also* Fed. R. Civ. P. 16(b)(4) (providing that discovery deadlines can be "modified only for good cause and with the judge's consent").

> Rule 26(b)(2)(C) provides that "the court *must* limit the frequency or extent of discovery" if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) the party seeking the discovery has already had "ample opportunity" to obtain the information; or (3) the burden or expense of the requested discovery outweighs its likely benefit.

*Faust v. Comcast Cable Commc'ns Mgmt., LLC*, No. WMN-10-2336, 2013 WL 1395933, at *2 (D. Md. Apr. 3, 2013). Additionally, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)(1)).

Applying these standards, Judge Coulson granted plaintiff leave to issue nine additional document requests in early September, including four requests for documents relating to the alleged failure to preserve the software. Sept. 1, 2020 Mem. & Order 7 & 14, ECF 44 (permitting additional discovery because plaintiff had learned about information to which she had not had access previously). After they were issued, the parties brought to my attention a dispute about the scope of the document requests. On October 26, 2020, I ordered defendants to respond, in part, to the document requests. Oct. 26, 2020 Mem. Op., ECF 52. I also ordered that Vivint make available for inspection an iPad with the relevant software. The parties agreed that this would resolve plaintiff's allegations of spoliation with respect to the software, which plaintiff raised with the Court as early as February of this year.

Against this backdrop, I consider whether plaintiff has shown good cause to issue the additional document request two weeks before the close of discovery, and I find she has not. Plaintiff has known since the inception of the case that Vivint's representations on the iPad that she signed would be a contested issue. For that reason, she sought inspection of the iPad with the same software used by the Vivint employee on September 5, 2018. ECF 23 & 50; *see* ECF 42 (seeking metadata for the software). Eventually, the iPad was made available for her inspection.

At no point in time did plaintiff mention that, in addition to inspecting the software on the iPad, she would need source code for the software. In fact, on our call yesterday, plaintiff's counsel stated that he reached out to two computer experts over the summer, but he did not hear back from either of them until earlier this month when one of them finally called him back. While it may be true that plaintiff was not aware of the evidentiary value of source code until the recent call with the computer expert, plaintiff did not diligently pursue this area of inquiry. She failed to consult with a computer expert sufficiently in advance of the close of discovery or before she exceeded the number of allotted document requests. In fact, were it not for the unexpected return call from the expert earlier this month, this issue almost certainly would not have been raised with the Court. Because plaintiff has not established good cause to issue a fortieth document request, her request to propound the document request for source code is denied.[1] *See* Loc. R. 104.1; Fed. R. Civ. P. 26(b)(2)(C); *Medibill*, 2005 WL 8174469, at *3.

I next address plaintiff's request to extend the December 31, 2020 discovery deadline by at least 60 days. Defendant objected to a wholesale extension of the deadline, but as an alternative, agreed to an extension "solely for the purpose of conducting discovery and filing motions related to the supplemental production Vivint . . . serv[ed] [on December 18, 2020]." Def.'s Ltr. 3.

Rule 16(b)(4) provides that a scheduling order can be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists if "'scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999)). The Court focuses on "the timeliness of the motion to amend 'and the reasons for its tardy submission'" more than "the substance of the proposed amendment." *Id.* (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373–74 (D. Md. 2002)). To determine whether good cause exists, "the Court considers whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)).

The parties have been conducting discovery for a year and a half. Discovery began on June 18, 2019 when Judge Hollander issued the initial scheduling order setting a discovery deadline of November 18, 2019. ECF 10. The parties have jointly requested extensions, and the Court has amended the scheduling order four times, most recently extending the discovery deadline to December 31, 2020. ECF 15, 22, 40, 47. This fifth, and opposed, request for an extension in the discovery deadline must be supported by good cause. During yesterday's call, when pressed for reasons why a two-month extension was necessary, plaintiff could not articulate a specific reason. Plaintiff stated that she may need follow up discovery after she reviews Vivint's December 18 document production, but she could not articulate the nature of the follow up discovery because she has not completed her review of the documents. She cited to possible deficiencies in the privilege log and suggested some emails attachments were not included. She also complained that

---

[1] Judge Coulson noted that plaintiff had propounded 30 document requests that, in defendant's view, amounted to 61 requests because they had various subparts, and he granted plaintiff's request to propound 9 additional requests, bringing the total to 39 requests or, by defendant's calculation, 70. *See* Sept. 1, 2020 Mem. & Order 5 n.4, 7, 14.

3

the emails were produced in pdf format, not in native format. Follow up discovery after a supplemental document production is not an entitlement, and absent a specific reason for it, there is no good cause to extend the discovery deadline. *See* Fed. R. Civ. P. 16(b)(4); *CBX Techs., Inc.*, 2012 WL 3038639, at *4.

I will, however, extend the discovery deadline to January 15, 2021 for the limited purpose of filing motions related to Vivint's December 18, 2020 supplemental document production. This includes disputes concerning the privilege log and the failure to produce responsive email attachments.

Vivint has made the iPad with the relevant version of the software available for inspection at its headquarters in Utah. Due to the pandemic, the concerns about the safety of air travel, and the uncertainty of the timing of vaccinations for counsel, Vivint shall make the iPad available for inspection until June 1, 2021.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/
Deborah L. Boardman
United States Magistrate Judge