IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENISE SHACKLEFORD,

    *Plaintiff*,

    v.

VIVINT SOLAR DEVELOPER, LLC,

    *Defendant.*

CIVIL ACTION NO. ELH-19-954

**MEMORANDUM OPINION**

In March 2019, Plaintiff Denise Shackleford filed suit against Vivint Solar Developer LLC ("Vivint") alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* ECF 1 (the "Complaint"). Shackleford's claim arises out of an interaction she had with a door-to-door Vivint salesperson in September 2018. According to the Complaint, Vivint, "without notice or permission[,] invaded Plaintiff's privacy and accessed her consumer report without any permissible purpose and upon false pretenses." ECF 1 at 1.

After a lengthy discovery period, along with multiple sharply contested discovery disputes, Vivint moved for summary judgment on February 1, 2021 (ECF 62), supported by a memorandum of law (ECF 62-1) and numerous exhibits (collectively, the "Summary Judgment Motion"). During the course of the briefing on the Summary Judgment Motion, several collateral disputes arose concerning the parties' exhibits, resulting in a dizzying burst of additional briefing. On the whole, Vivint seeks to seal many of the submissions, which Shackleford opposes.

On June 10, 2021, Vivint withdrew its Summary Judgment Motion, informing the Court that the parties reached a settlement as to plaintiff's claim. ECF 84; ECF 85. However, the parties did not reach an agreement regarding the sealing disputes. On July 16, 2021, they jointly filed a so-called "Stipulation of Dismissal" (ECF 86), which reiterated that although both sides had settled

plaintiff's FCRA claim, they maintain their respective positions as to sealing.  As a result, the Court has not dismissed the case.

The following motions remain:

- Vivint's motion to seal, filed February 2, 2021 (ECF 64, the "February 2 Motion");

- plaintiff's "Interim Sealing Motion," filed February 16, 2021 (ECF 67);

- plaintiff's "Motion to Unseal," filed February 24, 2021 (ECF 71);

- Vivint's motion to seal, filed March 2, 2021 (ECF 75, the "March 2 Motion");

- Vivint's motion to strike, or alternatively, to seal, filed March 26, 2021 (ECF 81), supported by a memorandum of law (ECF 81-1, collectively the "March 26 Motion").

I shall refer collectively to these submissions as the "Sealing Motions."  The underlying exhibits at issue are discussed, *infra*.  All of the Sealing Motions are fully briefed, except for Vivint's March 2 Motion.  Plaintiff did not respond to that motion, and the time to do so has expired.

No hearing is necessary to resolve the Sealing Motions.  *See* Local Rule 105.6.  For the reasons that follow, I shall seal some of the materials at issue, but allow some to remain accessible to the public.

## I. Background

For the most part, the facts giving rise to the suit are not germane to the Sealing Motions.  But, some background is necessary to contextualize the disputes.  The facts that follow are taken from Vivint's Summary Judgment Motion (since withdrawn) and plaintiff's opposition to the Summary Judgment Motion. ECF 66 (the "Opposition").

Certain facts are undisputed.  In September 2018, a salesperson trained and employed by Vivint, Bret Sears, solicited Ms. Shackleford at her residence.  ECF 62-1 at 3; ECF 66 at 16.  At the close of the brief interaction, Ms. Shackleford provided her signature on the screen of a digital tablet in Mr. Sears's possession.  ECF 62-1 at 6-7; ECF 66 at 18-19.  Thereafter, Vivint obtained plaintiff's credit reports from the three primary credit reporting entities.  ECF 62-1 at 7; ECF 66 at 19.

Ms. Shackleford maintains that she did not consent to Vivint's inquiries about her credit, and that the inquiries were "hard credit check[s]."  *Id.* at 19; *see id.* at 15-20.  Vivint's side of the story is, in short, that it "conducted a soft credit inquiry" with the three credit agencies, with plaintiff's consent, as evidenced by her signature.  ECF 62-1 at 6; *see id.* at 4-8.

Both sides focus a great deal on Vivint's policies and practices related to sales.  *See* ECF 62-1 at 2-5; ECF 66 at 10-16, 20-21.  Plaintiff claims that her experience with Vivint has befallen many others, asserting in the opening sentence of her Opposition: "This is one of two dozen cases across the country concerning the rampant door-to-door sales fraud and invasions of privacy by Vivint Solar, and the company's subsequent attempts to hide that fraud from the public and the Court."  ECF 66 at 8.

As noted, Vivint filed its Summary Judgment Motion on February 1, 2021.  ECF 62. On the same day, Vivint filed various exhibits under seal (ECF 63), along with a motion to seal those exhibits.  ECF 64.[1]  Local Rule 105.11 states: "Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court."  By Order of February 9, 2021 (ECF 65), I noted that some of the exhibits contained in ECF 63 warranted sealing in full.  In particular,

---

[1] Defendant refers to some of the exhibits appended to its Summary Judgment Motion as sub-exhibits.  *See* ECF 64.  I shall refer to them as exhibits.

I stated that excerpts of Vivint's 2017 "Residential Customer Operations Manual" (ECF 63-1 at 3-8, the "Operations Manual"), as well as copies of materials from a Vivint training course titled "Running Customer Credit Without Consent" (the "Training Materials," ECF 63-1 at 11-24), should remain under seal. ECF 65. In addition, I directed defendant to file proposed redacted versions of other exhibits accompanying the Summary Judgment Motion. *Id.* Defendant did so. *See* ECF 70. There is no dispute as to the materials docketed at ECF 70.

Plaintiff was not content with the sealing of the Operations Manual and the Training Materials, however, and filed the Motion to Unseal, which concerns those exhibits. ECF 71. Vivint opposes the Motion to Unseal. ECF 77. Plaintiff replied. ECF 79.

On February 16, 2021, Ms. Shackleford filed two versions of her Opposition. One version is under seal (ECF 66), along with various exhibits. ECF 66-1 to ECF 66-4. The other version is redacted and not under seal (ECF 68), and accompanied by several other exhibits. Plaintiff also filed her Interim Sealing Motion (ECF 67), asserting that neither her Opposition nor its exhibits "should be deemed confidential." *Id.* at 1. Nevertheless, she asked the Court to seal the materials contained in ECF 66, "pursuant to the Stipulated Order Regarding Confidentiality of Discovery Material (ECF 13, ¶2, ¶4) and out of an abundance of caution." *Id.*

By Order of February 19, 2021 (ECF 69), I temporarily maintained the seal with respect to ECF 66 and its accompanying exhibits. But, I directed Vivint "to file a status report indicating the materials, if any, that defendant believes are subject to sealing and the grounds to support the contention." *Id.* Vivint subsequently did so, contending that all of the materials contained in ECF 66 should remain under seal. ECF 72. Plaintiff responded. ECF 76. She vigorously disagrees and argues that the materials docketed at ECF 66 should not be sealed. In effect, then, plaintiff asks the Court to deny her own Interim Sealing Motion.

Meanwhile, Vivint replied to Ms. Shackleford's Opposition.  Defendant filed a redacted version of its reply (ECF 73), and filed under seal its complete reply (ECF 74), supported by exhibits.  And, in the March 2 Motion (ECF 74), defendant asks to seal the materials contained in ECF 74.

Ms. Shackleford sought leave to file a surreply.  ECF 78.  On March 26, 2021, Vivint moved to strike or, alternatively, to seal portions of the proposed surreply.  ECF 81.  Plaintiff opposes the March 26 Motion.  ECF 82.  Vivint replied.  ECF 83.

## II. Legal Standard

Under common law, the public and the press have a qualified right to inspect all judicial records and documents.  *Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021); *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open.").  "At common law, a district judge must weigh the competing interests of the public's access to judicial proceedings and the interests of the individuals in keeping the information private and of the government in ensuring integrity in its processes."  *Gonzalez*, 985 F.3d 376.  The public's presumptive common law right of access to judicial documents "can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  *Doe*, 749 F.3d at 266 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988)).  Only in "'unusual circumstances'" can such a showing be made.  *Doe*, 749 F.3d at 266 (citation omitted).

However, the common law right of access enjoyed by the press and the public is buttressed by a "more rigorous" right of access provided by the First Amendment.  *Rushford*, 846 F.2d at

253; *see Doe*, 749 F.3d at 265.  "A sealing involving 'judicial records and documents' can be accomplished 'without violating First Amendment rights only if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest." *Gonzalez*, 985 F.3d at 376-77 (quoting *In re Washington Post Co.*, 807 F.2d 383, 390, 392 (4th Cir. 1986)); *see Doe*, 749 F.3d at 266.

The First Amendment "'right of access attaches to documents and materials filed in connection with a summary judgment motion.'" *Doe*, 749 F.3d at 267 (quoting *Rushford*, 846 F.2d at 253).  This same right of access extends to the "grounds supporting [a court's] decision" because "without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible."  *Doe*, 749 F.2d at 267.  The Fourth Circuit has instructed that when "presented with a sealing request," a district court must "first 'determine the source of the right of access with respect to each document . . . .'" *Doe*, 749 F.3d at 266 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)).

All of the materials at issue in the Sealing Motions were filed in connection with Vivint's Summary Judgment Motion.  Accordingly, the more expansive First Amendment right of public access attaches to those materials.

Of relevance here, *Doe*, 749 F.2d at 269-70, addressed the relationship between a company's interest in concealing sensitive business records from public view and the First Amendment's thirst for sunlight.  The Fourth Circuit explained, *id.*:

> A corporation very well may desire that the allegations lodged against it in the course of litigation be kept from public view to protect its corporate image, but the First Amendment right of access does not yield to such an interest.  The interests that courts have found sufficiently compelling to justify closure under the First Amendment include a defendant's right to a fair trial before an impartial jury . . . protecting the privacy rights of trial participants such as victims or witnesses . . .

and risks to national security . . . .  Adjudicating claims that carry the potential for embarrassing or injurious revelations about a corporation's image, by contrast, are part of the day-to-day operations of federal courts. . . .  A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records. . . .  We are unaware, however, of any case in which a court has found a company's bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access.

In addition to the common law and the First Amendment, the Local Rules provide a complementary layer of protection for the public interests in disclosure.  Local Rule 105.11 requires a party seeking to seal documents to provide the court with "(a) proposed reasons supported by factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Just as a party must furnish the court with concrete reasons for a sealing request, a court must address the specific justifications for a sealing order.  "To seal a document, the district court must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing."  *Gonzalez*, 985 F.3d at 376 (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

### III. Discussion

### A.

I first address Vivint's February 2 Motion (ECF 64) and Ms. Shackleford's Motion to Unseal (ECF 71), which concern some of the same materials.  As indicated, in the February 2 Motion Vivint sought to seal excerpts of its Operations Manual (ECF 63-1 at 3-8) and Training Materials.  ECF 63-1 at 11-24.  Those exhibits remain under seal, pursuant to my Order of February 9, 2021.  ECF 65.

The excerpts of the Operations Manual address the "Customer on-boarding process."  ECF 63-1 at 5.  Among other things, this section of the Operations Manual contains a short script that Vivint salespersons may use with would-be customers over the telephone.  *See id.*  The exhibit also includes a section of the Operations Manual that sets forth Vivint's policy regarding access to consumer credit reports.  *See id.* at 6-8.

The Training Materials contain ten images extracted from a course used to train Vivint's salespersons.  Some of the images contain text that summarizes the company's policy on accessing consumer credit reports.  *See id.* at 15-16.  The other images display questions that ask trainees to apply the policy to real-world scenarios.  *See id.* at 17-24.

The gist of plaintiff's argument is that, in seeking to seal the Operations Manual and the Training Materials, Vivint did not offer any legal or factual support for its request, as required by case law.  *See* ECF 71 at 2-3, 6.  Plaintiff adds that the "Court sealed these documents before Plaintiff had an opportunity to respond."  *Id.* at 1.

Vivint counters that, in essence, plaintiff seeks reconsideration of the Court's Order of February 9, 2021 (ECF 65), in which it sealed the Operations Manual and the Training Materials.  *See* ECF 77 at 5-6.   In the alternative, defendant maintains that its "interest in protecting confidential business information is sufficient to override the interest in public disclosure under the common law or the First Amendment."  *Id.* at 7.

The standard applicable to a motion for reconsideration of an interlocutory order is a high hurdle to clear.  In *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018), the Fourth Circuit said that a court should revise an interlocutory order only to account for "'(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" (Citation omitted).

I agree with plaintiff that its Motion to Unseal should not be construed as a motion for reconsideration as to the sealing of the Operations Manual and the Training Materials.  As plaintiff notes, I sealed the materials eight days after Vivint moved to seal them, and before the expiration of the fourteen-day window afforded to plaintiff to respond.  *See* ECF 79 at 1.  Local Rule 105.11 provides, in relevant part: "The Court will not rule upon the motion [to seal] until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties."  Therefore, I shall consider anew whether defendant has satisfied the pertinent standards, drawn from case law as well as the Local Rules.

Boiled down, defendant's argument is that disclosure of these materials will "eliminate the competitive advantage that Vivint Solar enjoys by keeping the documents confidential."  ECF 77 at 6.  This is a conclusory assertion.  *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 438 (D. Md. 2006) ("Characterizing documents as 'confidential' without any description of . . . why that information should be protected does not satisfy the 'specific factual allegations' that Local Rule 105.11 requires.").

However, the Operations Manual plainly contains proprietary and confidential information regarding defendant's procedures for soliciting, interacting with, and retaining customers.  As noted, it includes, among other things, a script to guide Vivint salespersons in conversations with would-be customers, as well as a series of detailed step-by-step instructions for Vivint employees regarding the details of obtaining customers' consent and using company software to conduct credit inquiries.  *See* ECF 63-1 at 3-8.  The exhibit also includes a section of the Operations Manual that sets forth Vivint's policy regarding access to consumer credit reports.  *See id.* at 6-8. Disclosure of this business information would redound to the benefit of Vivint's competitors.  It warrants sealing, notwithstanding the relatively thin submission of defense counsel.  *See KM*

*Enterprises, Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) (recognizing that documents containing "sensitive, confidential pricing and customer information" warranted sealing); *see also In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 387 (S.D.N.Y. 2019) (Rakoff, J.) (reasoning that sealing or partial sealing was justified where "snippets of information" in various exhibits "may . . . contain 'business information that might harm a litigant's competitive standing'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc*., 801 F. Supp. 2d 419, 427 (M.D.N.C. 2011) (sealing an exhibit containing confidential "pricing information").

Like the Operations Manual, a portion of the Training Materials contains revealing information about Vivint's policies and practices.  The materials in ECF 63-1 at 17-24 include detailed descriptions of hypothetical scenarios that address the interaction between Vivint salespersons and customers, the use of company software, and the application of company policies to facts on the ground.

In contrast, the portion of the Training Materials found in ECF 63-1 at 11-16 is less revealing.  That segment of the Training Materials describes, in broad brushstrokes, the pertinent consumer protection laws with which company sales practices must comply.  The justification for sealing ECF 63-1 at 11-16 is not self-evident, and defendant does not provide enough factual support to tilt the First Amendment balancing scale in its favor.  As to this portion of the exhibit, Vivint's threadbare claim of harm does not "heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253.

Vivint makes much of the fact that the Training Materials were designated as confidential during discovery.  *See* ECF 77 at 7-8.  The argument is unavailing.  The "mere existence of a confidentiality order . . . does not guarantee a right to seal all documents claimed to be sensitive."

*Minter*, 258 F.R.D. at 123.  This principle is well settled.  *See, e.g.*, *Asghari-Kamranl v. United States Auto.   Ass'n.*, 2016 WL 8254918, *2 (E.D. Va. Aug. 16, 2016) (stating "the mere designation" of confidential is "not enough to support" sealing); *Ashmore v. CGI Group Inc.,* 138 F. Supp. 3d 329 (S.D.N.Y. 2015), *aff'd*, 923 F.3d 260 (2d Cir. 2019) (same); *Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F. Supp. 3d 544 (W.D. Pa. 2014) (same); *see also* Wright & Miller, Federal Practice & Procedure § 1366 (3d ed. 2021).

Vivint also insists that it is plaintiff's burden to prove the relevance of the Training Materials to this case.  ECF 77 at 8.  This argument, too, is misplaced.  Defendant again confuses discovery rules with the rules regarding sealing.  In any event, I agree with plaintiff that "Vivint's policies and training materials on credit reporting 'go to the heart of the instant litigation.'" ECF 71 at 7 (quoting *Minter*, 258 F.R.D. at 123).

Other courts have reached similar conclusions in cases brought against Vivint.  For example, in *Reilly v. Solar*, 2021 WL 248872 (D.N.J. Jan. 26, 2021), Vivint argued that it "would be at competitive disadvantage and would suffer financial harm" if certain documents were not sealed.  *Id.* at *5.  The court rejected the contention, recognizing that "just because a document is marked confidential and subject to a protective order, does not automatically mean a document can be sealed."  *Id.*

In *Sanchez Carrera v. EMD Sales, Inc.*, 402 F. Supp. 3d 128, 152 (D. Md. 2019), Judge Bredar determined that a company's "general statement" regarding its "privacy interest in its confidential material" did not satisfy the First Amendment standard for sealing.  He reasoned that a party seeking to seal must explain "exactly which elements and sentences of the document warrant sealing, and exactly why."  *Id.*; *see Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123 (D. Md. 2009) (declining to seal exhibits supposedly containing sensitive business information

because "no rationale is given as to why certain facts are 'sensitive' and will result in a competitive disadvantage); *see also Doe*, 749 F.2d at 270 (stating that "the public and press enjoy a presumptive right of access . . . notwithstanding the negative publicity those documents may shower upon a company"). Vivint does not provide the requisite specificity or factual support to warrant sealing all of the Training Materials. *See Gonzalez*, 985 F.3d at 376 (quoting *Knight Publ'g*, 743 F.2d at 235).

Therefore, I shall unseal the portion of the Training Materials contained in ECF 63-1 at 11-16. But, I shall maintain the seal on ECF 63-1 at 17-24. And, I shall maintain the seal on the Operations Manual.

## B.

Ms. Shackleford's Interim Sealing Motion (ECF 67) concerns exhibits appended to her Opposition. They include the transcript of the deposition of Evan Pack, a Vivint employee, on January 8, 2020 (ECF 66-1, the "First Pack Deposition")[2]; internal Vivint training videos (ECF 66 at 12, n.4-7, the "Training Videos")[3]; an internal Vivint spreadsheet that logs credit-related consumer complaints (ECF 66-2); internal Vivint correspondence about customer complaints concerning credit inquiries (ECF 66-3); and the Declaration of Evan Hendricks, an expert retained by plaintiff. ECF 66-4 (the "Hendricks Declaration"). As indicated, I temporarily maintained the seal as to these materials. ECF 69. Thereafter, defendant advocated for them to remain under seal. ECF 72. However, plaintiff now asks the Court to lift the seal. ECF 76.

---

[2] As described, *infra*, the transcript of the deposition of Mr. Pack in separate litigation was submitted as an exhibit to one of the other Sealing Motions.

[3] The videos can be accessed through hyperlinks in the footnotes of plaintiff's Opposition.

With respect to both the First Pack Deposition and the Hendricks Declaration, Vivint claims broadly that sealing is necessary to protect its "competitive advantage" as well as the "sensitive and confidential" nature of internal investigations into employee misconduct. *See* ECF 72 at 1-3, 5-6. This is essentially the same argument Vivint made as to the Operations Manual and the Training Materials. Here again, defendant fails to provide the "specific factual representations" required by Rule 105.11. *See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network*, CIV. AW 12-954, 2013 WL 3442764, at *2 (D. Md. July 8, 2013) (reasoning that the "vague reference to 'confidential trade secrets' is not a specific factual representation" within the meaning of Local Rule 105.11). Likewise, defendant's representations do not amount to the showing required under the First Amendment. *See Sanchez Carrera*, 402 F. Supp. 3d at 152; *Minter*, 258 F.R.D. at 123. The proffered justifications for sealing do not "heavily outweigh the public interests in access" protected by the First Amendment. *Rushford*, 846 F.2d at 253.

As for the Training Videos (ECF 66 at 12, n.4-7), Vivint contends that they should remain sealed because they were not produced during discovery in this case and because they were obtained by plaintiff's counsel through improper means. *See* ECF 72 at 3-5. In particular, defendant recounts that during discovery plaintiff moved to compel the production of various records. ECF 19-1. Magistrate Judge Coulson granted in part and denied in part plaintiff's motion to compel. ECF 28; ECF 29. I subsequently granted in part plaintiff's objection to Judge Coulson's ruling. ECF 34; ECF 35. Of relevance here, the Court did not compel Vivint to produce the Training Videos docketed at ECF 66 at 12, n.4-7. *See* ECF 72 at 4-5.

Further, Vivint asserts that plaintiff's counsel sought to bypass the discovery rulings in this case by obtaining the videos at issue from counsel for the plaintiff in a "New Mexico arbitration proceeding: Trujillo v. Vivint Solar, Inc., et al." *Id.* at 3. However, the exhibits in the *Trujillo*

arbitration are subject to a protective order, which Vivint has submitted as an exhibit.  ECF 72-1.

It states: "Confidential Information designated or marked shall be maintained in confidence, used

solely for the purposes of this arbitration proceeding . . . ." ECF 72-1 at 6.  In Vivint's view, lifting

the seal as to the internal training videos would, in essence, reward the wily tactics of plaintiff's

counsel and dishonor the protective order in the *Trujillo* arbitration.

On the other hand, plaintiff contends that the protective order in the *Trujillo* arbitration is

not controlling as to the videos at issue here.  *See* ECF 76 at 1-3.  She adds that a "discovery order

merely defines the scope of discovery against a party; it does not prospectively limit the

admissibility of evidence at trial."  ECF 76 at 4 (citing *Paice, LLC v. Hyundai Motor Co.*, WDQ-

12-499, 2014 WL 3533667, at *1 (D. Md. July 11, 2014)).  Admissibility is not at issue here,

however.

In my view, neither side has addressed the relevant legal framework for assessing the

propriety of plaintiff's acquisition of the videos and the implications of that acquisition, if any, for

sealing.  Their arguments seem to pertain to the rules of discovery, which is long since over, as is

the substantive dispute that gave rise to plaintiff's suit.  In my view, the only rules pertinent to the

question of whether *to seal* the materials are those described, *supra*.

Moving past the squabbling about the *Trujillo* arbitration, Vivint offers one other proposed

justification for sealing.  In keeping with a theme, it asserts, in essence, that public access to the

internal training videos will hurt its "competitive advantage" over competitors.  ECF 72 at 3, ¶ 2;

*see id.* at 4-5, ¶¶ 3-6.  My review of the Training Videos reveals that there is a solid foundation to

defendant's claim.  Collectively, the videos contain about forty-five minutes of detailed instruction

and illustration of how to deploy company software and engage in door-to-door solicitations.  The

didactic content of the videos is considerably richer than, for example, the Training Materials,

addressed *supra*.   In my view, the Training Videos contain "business information" whose disclosure "might harm [Vivint's] competitive standing." *Nixon*, 435 U.S. at 598 (1978)); *see KM Enterprises*, 725 F.3d at 734.

 With respect to the internal Vivint spreadsheet that logs credit-related consumer complaints (ECF 66-2) and internal Vivint correspondence (ECF 66-3), Vivint argues that these exhibits should remain sealed because they contain the names of Vivint salespersons, including Mr. Sears, as well information regarding the internal investigation into plaintiff's complaint about Mr. Sears.   ECF 72 at 5-6, ¶¶ 7-9.   Any information in these exhibits that personally identifies individual Vivint salespersons, other than Mr. Sears, should not be publicly accessible. Accordingly, I shall direct defense counsel to file redacted versions of these exhibits, deleting the names of personnel who were subjected to internal investigations, but exclusive of Mr. Sears.[4]

## C.

 I next address Vivint's March 2 Motion (ECF 75) to seal portions of its reply in support of its Summary Judgment Motion.   The March 2 Motion also addresses various exhibits appended to the reply, including the "Reply Declaration of John Ulzheimer," an expert retained by defendant (ECF 74-2, the "Ulzheimer Reply Declaration"), and the deposition of Kemo Smith, a Vivint employee.   ECF 74-3 (the "Smith Deposition").   Specifically, defendant seeks to exclude a single sentence of the reply (ECF 74 at 7); paragraphs 24-25, 33, and 35-37 of the Ulzheimer Reply Declaration; and the Smith Deposition, in full.   The March 2 Motion is unopposed.

 The single sentence that Vivint moves to seal from its reply describes Vivint's software for evaluating customer risk.   ECF 74 at 7.   The paragraphs at issue in the Ulzheimer Reply

---

[4] Defendant has already referenced Mr. Sears in its public filings, including its Summary Judgment Motion.  *See, e.g.*, ECF 62-1 at 1-5.  Therefore, sealing as to Sears is neither necessary nor appropriate.

Declaration describe, in general terms, the capacity of Vivint software to prescreen prospective customers for credit risk, as well as references to a credit score and report that plaintiff obtained from CreditWise (ECF 66-4 at 4-5). *See* ECF 74-2, ¶¶ 24-25, 33, 35-37. The appended excerpts from the Smith Deposition, which the defendant seeks to seal in full, contain references to the general prescreening functionality of Vivint software. *See* ECF 74-3.

Defendant's primary argument for sealing these references and materials is that "[k]eeping this information confidential provides Vivint Solar with a competitive advantage over other solar energy companies." ECF 75 at 1. My analysis is familiar by now: the argument does not make the grade. However, because I previously sealed plaintiff's credit report (ECF 69), I shall also seal the references to plaintiff's credit report in paragraphs 33 and 35-37 of the Ulzheimer Reply Declaration. Notably, plaintiff also makes this request. *See* ECF 76 at 5, n.1. Therefore, I shall direct defendant to file a redacted version of the Ulzheimer Reply Declaration.

### D.

Vivint's March 26 Motion (ECF 81) concerns plaintiff's motion for leave to file a surreply (ECF 78), which includes a proposed surreply (ECF 78-1) and exhibits.[5] The two exhibits at issue are deposition transcripts generated in discovery of a different lawsuit against Vivint involving a similar claim. The exhibits include the deposition of Evan Pack on August 11, 2021 (ECF 78-1 at 60-78, the "Second Pack Deposition")[6] and the deposition of Lisa Mees (ECF 78-1 at 44-59, the "Mees Deposition"), the plaintiff in another suit. The deposition excerpts submitted here implicate Vivint's general sales practices.

---

[5] Vivint revisits the internal training videos addressed in one of the earlier Sealing Motions. I need not rehash those arguments, or my conclusion, as to those videos.

[6] Plaintiff also submitted excerpts of the Second Pack Deposition with its Opposition. ECF 68-7.

Defendant's primary challenge to the Second Pack Deposition and the Mees Deposition is that it did not produce these materials in discovery in this case. *See* ECF 81-1 at 10. According to Vivint, the acquisition and submission of these materials by plaintiff was improper. *See id.* In effect, Vivint reiterates the concerns raised as to the training videos acquired from the *Trujillo* arbitration, described *supra*. As discussed, however, the question before the Court is whether Vivint has satisfied the standard for sealing articulated in the case law and augmented by Local Rule 105.11 — nothing more. And, defendant has failed to show how public access to these materials would concretely harm Vivint's competitive standing in the industry. Moreover, contrary to Vivint's suggestion, my review of these materials shows that neither deposition transcript references any individual Vivint employees.

Therefore, I shall remove the seal as to the Second Pack Deposition and the Mees Declaration.

### IV.  Conclusion

For the foregoing reasons, I shall resolve the Sealing Motions as follows.

I shall grant in part and deny in part Vivint's February 2 Motion. ECF 64. I shall deny it as to the portion of the Training Materials docketed at ECF 63-1 at 11-16. The seal as to those materials shall be lifted. But, I shall grant the February 2 Motion as to another portion of the Training Materials, docketed at ECF 63-1 at 17-24. Otherwise, my ruling in ECF 65 remains in effect. And, I shall grant plaintiff's Motion to Unseal. ECF 71.

I shall grant in part and deny in part plaintiff's Interim Sealing Motion. ECF 67. I shall grant it only to the extent that it concerns the Training Videos (ECF 66 at 12, n.4-7); the spreadsheet docketed at ECF 66-2; and the internal Vivint correspondence docketed at 66-3. The seal on ECF 66-2 and ECF 66-3 shall be temporarily maintained. Defendant shall file redacted

versions of those materials, which exclude references to individual Vivint employees.  However, no redaction is appropriate as to Sears.

I shall grant in part and deny in part Vivint's March 2 Motion.  ECF 75.  I shall grant it to the extent that paragraphs 33 and 35-37 of the Ulzheimer Reply Declaration (ECF 74-2) shall remain sealed.  Therefore, I shall temporarily maintain the seal on ECF 74-2 and direct defendant to file a redacted version.  Otherwise, I shall deny the March 2 Motion.

I shall deny Vivint's March 26 Motion.  ECF 81.

An Order follows.


Date: August 4, 2021                              _____/s/_____
                                                   Ellen L. Hollander
                                                   United States District Judge